IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARRETT MILLER,**

                **Petitioner,**

      v.                                    **CASE NO. 22-3269-JWL-JPO**

**RICE COUNTY, KANSAS[1],**

                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Garrett Miller, who is a state prisoner incarcerated at Rice County Detention Center in Lyons, Kansas. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. The Court therefore will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court.

**Background**

In July 2020, in the District Court of Rice County, Kansas, Petitioner pled no contest to and was found guilty of two counts of sexual battery. *See* Online Records of Rice County District Court, Case No. 2019-CR-000143. He was sentenced to 12 months of probation, with an underlying sentence of 24 months of imprisonment. In November 2021, the State moved to revoke Petitioner's probation. At a probation violation hearing on December 15, 2021. Petitioner admitted the

---

[1] Petitioner identified Rice County, Kansas, as the sole respondent in his petition. (Doc 1., p. 1.) In federal habeas challenges, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Bryant Evans, Sheriff of Rice County, Kansas, where Petitioner is confined at the Rice County Detention Center, has been entered as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

violations; the district court imposed sanctions and extended the probation by six months.

In May 2022, the State moved to revoke Petitioner's probation for additional violations. This time, Petitioner disputed the alleged violations, so on July 25, 2022, the district court held an evidentiary hearing on the matter. At the end of that hearing, the court held that Petitioner had violated his probation, so it revoked probation and ordered Petitioner to serve the underlying sentence. In September 2022, Petitioner filed in state district court a pro se motion for sentence modification, asking the court to modify his sentence to allow him to live in an assisted living program or a treatment program. The state court's online records reflect that no action has been taken on that motion.

On October 14, 2022, Petitioner placed into the jail mail system a petition for writ of habeas corpus to be filed in this Court. (Doc. 1.) Therein, he asserts one ground for relief: that the district court did not impose sanctions after the probation violations and instead ordered him to serve his underlying sentence. *Id.* at 5. Liberally construing the petition, it appears that Petitioner believes there were circumstances surrounding the last probation violation that show ordering him to serve his underlying sentence of imprisonment was overly harsh. *See id.* at 3. As relief, Petitioner asks this Court to reduce his sentence. *Id.* at 14.

**Initial Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'"

*Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals (KCOA), which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

There is no indication that Petitioner has argued to the KCOA that his probation revocation was improper. The online state district court records do not reflect that a notice of appeal was filed related to the probation revocation, and the time to file a notice of appeal appears to have passed. *See* K.S.A. 22-3608(c) (setting 14 days after judgment of the district court to appeal in criminal cases). However, there are certain circumstances under which a state district court may allow a direct appeal to be filed out of time. *See State v. Anthony*, 2020 WL 6375295, *3 (Kan. Ct. App. 2020) (unpublished) (explaining the circumstances under which a district court "'must be allowed to file an appeal out of time'" as set forth in *State v. Ortiz*, 230 Kan. 733 (1982), and other cases). And, as noted above, it appears that Petitioner's motion to modify sentence remains pending in the state district court. This Court offers no opinion on the potential for success in either the currently pending motion to modify sentence or in any attempt Petitioner may make to appeal the probation revocation. It notes only that these avenues for state court relief appear to remain available to Petitioner.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). A federal court can excuse a lack of

exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

The information currently before this Court does not demonstrate that Petitioner lacks the opportunity to seek relief in the state court, that the state corrective process is so clearly deficient that such efforts would be futile, or that the Kansas Supreme Court has recently decided the precise legal issue raised in the current federal habeas petition. Accordingly, the Court will direct Petitioner to show good cause in writing why this matter should not be dismissed without prejudice so that he may exhaust his claims in state court. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED** that Bryant Evans, Sheriff of Rice County, Kansas, is substituted as the Respondent in this action.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including November 29, 2022, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2022, at Kansas City, Kansas.


S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge