**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GARRETT MILLER,**

                               **Petitioner,**

      v.                                    **CASE NO. 22-3269-JWL-JPO**

**BRYANT EVANS,**

                               **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed on October 21, 2022, pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and challenges the July 2022 state-court order revoking his probation and ordering him to serve his underlying sentences for two July 2020 state-court convictions of sexual battery. (Doc. 1.) The petition presents one ground for relief: that the state district court did not impose intermediate sanctions and instead ordered him to serve his underlying sentence. As relief, Petitioner asks this Court to reduce his sentence. *Id.*

On October 24, 2022, this Court issued a Notice and Order to Show Cause (NOSC) explaining that a state prisoner must exhaust all available state court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. (Doc. 3, p. 2-3 (citing 28 U.S.C. § 2254(b)(1) and *Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006)).) The NOSC further noted that there is no indication that Petitioner has exhausted in state court his argument regarding the order that he serve his underlying sentence and "'[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies.'" *Id.* at 3 (quoting *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)).

None of the exceptions to the general rule of exhaustion appear to apply in this matter.

Accordingly, the NOSC "direct[ed] Petitioner to show good cause in writing why this matter should not be dismissed without prejudice so that he may exhaust his claims in state court." *Id.* at 4. It cautioned Petitioner that if he "fails to file a timely response to this order, this matter will be dismissed without prejudice for failure to exhaust." *Id.*

Petitioner's response was due on or before November 29, 2022. *Id.* The deadline has come and gone and Petitioner has filed no response. Accordingly, the Court will dismiss this matter without prejudice so that Petitioner may exhaust available state court remedies.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 6th day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
